IN RE ESTATE OF THRUSH: THRUSH, APPELLANT, *v.* THRUSH, ADMR., APPELLEE.

(No. 144—Decided July 11, 1945.)

*Messrs. Lippincott & Lippincott,* for appellant.
*Mr. Emmett D. Lusk,* for appellee.

GUERNSEY, J. This is an appeal on questions of law from a judgment of the Probate Court of Auglaize county made in the matter of the estate of William Elmer Thrush, deceased, on exceptions filed by Jennie Thrush, widow of William Elmer Thrush, deceased, to the inventory of his estate.

William Elmer Thrush died on May 20, 1944. Burden W. Thrush was appointed administrator of his estate on May 24, 1944. The inventory and appraisement of his estate was filed on June 1, 1944. The exceptions were filed on June 12, 1944.

In the inventory to which the exceptions were filed the following property is inventoried and appraised:

Schedule A.

| | | |
|---|---|---|
| Personal goods and chattels, | | $ 1,707.00 |
| In the schedule are included, among other items, the following: | | |
| ½ interest in about 700 bushels corn in crib | $406.00 | |
| ¼ interest in 15 acres growing oats | 10.00 | |

½ interest in about 3 tons hay in mow     18.00

½ interest in about 3 tons straw in mow     6.00

Schedule B.

Money,     $59.00

Schedule C.

Stocks, bonds, mortgages, notes, certificates of deposit and other securities.

| | |
|---|---|
| 1 series G government bond M1292325G | $978.00 |
| 1 series G No. C2041713G | 98.80 |
| 1 series G No. C1503598G | 98.80 |
| Certificate of deposit, Welfare Finance Corporation for $200.00, interest at 3% | 201.05 |
| Certificate of deposit, Welfare Finance Corporation for $300.00, 3% | 303.52 |
| Certificate of deposit, Welfare Finance Corporation, $151.54, 3% | 153.05 |
| Certificate of deposit, Welfare Finance Corporation for $1,000.00, 3% 3-24-44 | 1,000.00 |
| Note of J. E. and Cleo Sprague, dated August 15, 1942, for $3,232.95, 5% | 3,521.23 |
| Note of A. G. Thrush, dated September 24, 1940, for $1,230.90, 5% | 1,457.09 |
| Note of Wilbert Thrush, dated February 25, 1940, for $472.85, at 5% | 573.45 |
| Note of Burden W. Thrush, dated September 14, 1942, for $325.00, at 5% | 352.67 |
| Total, | 8,737.66 |

Schedule D.

Accounts and debts receivable.

Homer Klopfenstein, St. Johns, Ohio, R. 1          acct.      55.00

Schedule E.

Real estate,                          17,500.00

Total                                28,058.66

Under schedule G the following recital appears: "No allowance or amount set off to Jennie Thrush, widow, by reason of the provisions of antenuptial contract between William Elmer Thrush and Jennie Baker, dated March 28, 1941."

The antenuptial agreement above referred to was introduced in evidence and is attached to the bill of exceptions, and reads as follows:

"This agreement made and concluded this 28th day of March, 1941, by and between William Elmer Thrush of Saint Johns, Ohio, and Jennie Baker of Wapakoneta, Ohio, witnesseth:

"That whereas, the parties hereto, contemplate a marriage with each other, and the said William Elmer Thrush is seized and possessed of property of value, both real and personal, and has children, the issue of a former marriage, and desires to make suitable provision for said Jennie Baker in lieu of her dower in his real property, and in place of any year's allowance, homestead or other share in or distribution of his estate, either real or personal, and of any and all other rights or claims of said Jennie Baker, as his widow, heir, distributee, survivor or next of kin.

"Now, therefore, in consideration of said marriage and of the covenants of the said Jennie Baker, hereinafter contained, the said William Elmer Thrush hereby promises and agrees to give the possession and title to all cows now in his possession, together with all the chickens, immediately after the solemnization of

the intended marriage, the same to become her individual property.

"As a further consideration, the parties hereto, agree that all moneys and other property now belonging to the said William Elmer Thrush, shall be and remain his absolutely and in fee simple, without any claim from the aforesaid Jennie Baker. It is also further agreed as a consideration herefore, that all increase and property hereinafter accumulated between said parties, shall be owned jointly by them or survivor including the profit on the rent of the farm, and all revenues derived therefrom shall be placed in a joint account in the names of the parties hereto.

"In consideration of the payment to her of said property as aforesaid, and of the agreements to be performed, the said Jennie Baker hereby covenants and agrees that the same shall be in lieu of any and all rights or claims of dower, inheritance and descent in and to the real property of the said William Elmer Thrush, now owned by him, and in lieu of any and all rights and claims to a distributive share of his property now owned by him and for all claims of an allowance for a year's support, and in lieu of any and all rights and claims of the said Jennie Baker as widow, heir, distributee, survivor or next of kin, and any and all other rights or claims in, to or against the estate of the said William Elmer Thrush which may in any manner arise or accrue by virtue of said marriage.

"And the said Jennie Baker for the consideration aforesaid, agrees that the said William Elmer Thrush shall be at full liberty to dispose of all his property, real and personal, which he now owns, either during his life time or by last will and testament, and that upon his death, in the event of his failure to so dispose of the same, his property shall descend to, vest in and be distributed to such person or persons as would be entitled thereto by the statutes of descent and distri-

bution, then in effect had the said Jennie Baker died during the life of the said William Elmer Thrush.

"And the said Jennie Baker further agrees that during their married life, she will provide for, and keep up the table, providing the necessary food and victuals at her own expense, and hereby acknowledges receipt of all the cows and chickens.

"And the said Jennie Baker, for the consideration aforesaid, does relinquish unto the said William Elmer Thrush, his heirs, personal representatives and assigns forever, all the rights and claims hereinbefore mentioned and set forth.

"And the said Jennie Baker further agrees to execute and acknowledge, upon request of said William Elmer Thrush, any and all proper instruments of release or conveyance to enable the said William Elmer Thrush to bargain, sell and convey or otherwise dispose of any and all real estate now owned by him, free and clear of any apparent right or contingency therein.

"Witness the hands of the parties hereto, the day and year first above written.

"Signed and acknowledged in the presence of:

"Karl Timmermeister

"Lela Kentner.

"William Elmer Thrush
"Mrs. Jennie Baker.''

Omitting the caption and signature, the exceptions are in the words and figures following, to wit:

"Now comes Jennie Thrush, widow of decedent herein and excepts to the inventory thereof herein filed by Burden W. Thrush, administrator, on the 1st day of June, 1944 on the following grounds, to wit:

"1. The appraisers failed and neglected to set off to said widow a sum as and for year's allowance.

"2. The appraisers failed and neglected to set off to said widow her statutory exemptions, provided by law.

"3. The appraisers and the administrator failed and neglected to take into account and set off to said widow the increase and property accumulated by the decedent and the said widow after their marriage, but included same in the inventory.

"4. The appraisers and the administrator failed and neglected to take into account and set off to the widow one-half of the revenue derived from the sale of crops on the farm which revenues were or should have been deposited to the joint account of the decedent and said widow, throughout their entire married life, but included same in the inventory.

"5. The appraisers and the administrator failed and neglected to set off to the widow one-half of the increase in profits derived from money loaned and money invested in bonds and other securities of the decedent during their married life, but included the same in the inventory.

"6. The appraisers and administrator failed and neglected to take into account the fact that the accumulation consisting of interest, dividends, crops and other items from the farm of decedent should in the event of his death be paid to the survivor, but included the same in the inventory.

"7. The appraisers and the administrator failed and neglected to set off to the widow any of the crops and increase produced on said farm during the period of the married life of decedent and said widow, save and except the corn now in the crib, but included the returns from the same in the inventory.

"Wherefore, Jennie Thrush, as such widow, prays that a hearing may be had thereon and the court make such order as may be proper."

Upon hearing the exceptions the Probate Court, on September 29, 1944, rendered judgment as follows:

"This cause having heretofore, to wit, on July 19 and 20, 1944, been submitted to the court on the matter

of exceptions of Jennie Thrush, widow, to the inventory heretofore filed herein by Burden W. Thrush, as administrator, and was submitted to the court.

"And the court, on careful consideration of the evidence and the law, does find that by reason of the fact that in order to properly pass upon the exceptions to the inventory, it is necessary that the court pass and construe the terms and legal effect of an antenuptial contract between William Elmer Thrush, now deceased, and Jennie Baker, now Jennie Thrush, widow, and the further fact that in addition thereto it would be necessary for the court to determine the title and ownership of property involved therein, the court is of the opinion that such matter is discretionary with the court and by reason thereof the court should not pass upon said exceptions to inventory.

"The court does further find that other legal remedies exist for the determination of questions now involved in the exceptions to inventory heretofore filed and that it would be for the best interests of said estate that other legal remedies be pursued with reference to the construction and legal effect of said antenuptial contract and the title to property involved in this estate by reason thereof. The court, under its discretionary power, makes no determination thereof and finds that the exceptions to said inventory should be dismissed.

"It is therefore ordered, adjudged and decreed by the court that the exceptions of Jennie Thrush, widow, to the inventory heretofore filed herein by Burden W. Thrush, as administrator, be and the same are hereby dismissed and the costs of this proceeding be taxed against said exceptor.

"And it further appearing to the court that Burden W. Thrush, as administrator of said estate, has fully complied with the orders of the court to him issued and has made and returned a true inventory of said

estate, as required by law, it is ordered that said inventory be and the same is hereby approved.

"To all of which findings and rulings of the court, exceptor, by her counsel, at the time excepted, and still excepts."

That is the judgment from which this appeal is taken.

In addition to the antenuptial agreement above referred to other evidence was introduced by both the exceptor and the administrator. This evidence showed conclusively that no funds were placed in a joint account in the names of the parties to the antenuptial agreement as therein prescribed; that the corn in crib, hay in mow, straw in mow (the undivided one-half of which is inventoried as part of decedent's estate) and the undivided one-half interest in fifteen acres of growing oats (the one-half of which was inventoried as part of such estate) constituted proceeds in kind, accruing during the existence of the marriage of William Elmer Thrush and Jennie Thrush, of the crop rental of the farm of the decedent; that the decedent during such period had derived a considerable amount of other property and income and revenue therefrom; that the decedent had also derived considerable income and revenue from bonds, notes, certificates of deposit and other securities he had owned at the time of the marriage; that a portion of the same had been expended by the decedent during his lifetime for expense in connection with the rental of the farm and for household and other purposes; and that the balance had been commingled with other personal property of the decedent.

The appellant assigns error in the following particulars:

1. The court had ample authority and it was his duty to pass upon the exceptions to inventory.

2. The court cannot in one breath refuse to pass upon

the question and in the next make a final decision of the question.

3. This court has a right to enter the judgment which the Probate Court should have rendered.

As the contention of the appellant, under all the assignments of error, is the same we will consider them together.

Under Section 10512-3, General Code, an antenuptial agreement is deemed valid unless an action to set it aside is brought within six months after the appointment of the executor or administrator, or unless the validity of the agreement is otherwise attacked within that period. The filing of exceptions to an inventory and appraisement, on the ground that the appraisers failed to allow the statutory setoff and a year's support to the widow, does not constitute such an attack within the purview of the statute. *Juhasz* v. *Juhasz*, 134 Ohio St., 257, 16 N. E. (2d), 328, 117 A. L. R., 993.

As the filing of the exceptions in the instant proceeding did not constitute an attack upon an antenuptial agreement, under the provisions of Section 10512-3, General Code, and as it does not otherwise appear that an attack on the agreement was made within the period prescribed by such section, the agreement, for the purposes of this case, must be deemed valid.

The agreement being deemed valid the first two grounds of the exceptions are without merit, so our further consideration of these exceptions will be limited to the other grounds set forth. These grounds are all predicated on the rights acquired by the exceptor, Jennie Thrush, under the antenuptial agreement.

Under this agreement the parties agreed, among other things, that all moneys and other property then belonging to William Elmer Thrush should be and re-

main his absolutely and in fee simple, without any claim from Jennie Baker, now Jennie Thrush. They further agreed that all increase and property thereafter accumulated between the parties, including the profit on rent of the farm, should be owned jointly by them or the survivor, and that all revenues derived therefrom should be placed in the joint account in the names of the parties to the agreement.

The word "increase" as used clearly means increase in or of the money and property then owned by the decedent, as his money and property is the only money and property referred to in the preceding clause of the agreement. Under the provision, "that all increase and property hereinafter accumulated between said parties, shall be jointly owned by them or survivor including the profit on the rent of farm," the parties jointly owned any increase by way of income or otherwise accruing from any of the personal property owned by William Elmer Thrush subsequent to and during such marriage, all property accumulated by the parties during their marriage and all profit on the rent of farm, that is, all profit realized from rent of farm after deducting Thrush's share of expenses in connection therewith.

As used by the parties, the term "increase" comprehends all that remains of such income and revenues of the personal property after the payment of taxes on the principal from which it is derived and the income and revenues therefrom.

Although it appears from the conduct of the parties that each may have assumed the other, under the terms of the agreement, had the right without the consent of. the other to use the joint property, during the existence of the marriage, for the payment of household and personal expenses, such construction is

not warranted by the terms of the agreement which in this respect are not ambiguous.

As survivor of the parties, Jennie Thrush, under the agreement, is entitled to all the jointly owned property remaining after the payment of such taxes and Thrush's share of expenses in connection with the rental of the farm, including the taxes thereon.

The fact that Jennie Thrush did not place the accumulations, made by her during the marriage, in such joint account does not in any way affect her right to such jointly owned property, as she, as survivor, is entitled to such property, whether she placed it in the account or not.

Under the evidence the only parts of the property she is entitled to as survivor, which are capable of specific identification in kind, are the corn in the crib, growing oats, and hay and straw in mow constituting a portion of the proceeds of rent of farm, the balance of such joint property being commingled with the personal property of the decedent and incapable of specific identification in kind.

The personal property with which the joint and survivorship property is commingled constitutes a part of the estate of the decedent and, as the survivorship property is not capable of specific identification in kind, the whole is subject to administration by the administrator of the estate, but subject to the rights of the exceptor therein.

The purpose of exceptions to an inventory is to correct the same by causing it to reflect proper statutory allowances and the items of property which are subject to administration by an executor or administrator of a decedent, and to exclude therefrom the specific items of property owned by others which are not subject to administration. It is not a substitute

remedy for the impression or enforcement of a trust in, for an accounting of, or the recovery of money or damages from, the decedent's estate.

In this situation, the appellant was entitled to have such of the property to which she was entitled as survivor and which was specifically identified in kind excluded from the inventory as her separate property, but was required to resort to other remedies for the enforcement of her rights to other jointly owned property which she was entitled to as survivor, but which was commingled with various items of property of the estate.

The Probate Court has constitutional jurisdiction of probate and testamentary matters and the accounts of executors and administrators. Such constitutional jurisdiction necessarily comprehends jurisdiction of inventories of administrators and executors and exceptions thereto, as inventories are essential to the accounting of executors and administrators. Incident to the constitutional jurisdiction in the premises, the Probate Court has plenary power to dispose of any matter properly before it, including the power to adopt and apply remedies which are legal or equitable in their nature. The exercise of such jurisdiction by the Probate Court is mandatory and not discretionary.

Thus the Probate Court in the instant case had jurisdiction, for the purposes of the proceeding, to pass upon and construe the terms and legal effect of the antenuptial contract between William Elmer Thrush, now deceased, and Jennie Baker, now Jennie Thrush, his widow, and to determine the title and ownership of the property involved in the exceptions to the inventory insofar as necessary for the purposes of this proceeding, and it was the duty of the court to exercise such jurisdiction.

The Probate Court, for the reasons above mentioned, erred in the particulars assigned in refusing to exercise such jurisdiction and in making the order it made. For these errors the judgment will be reversed and this court, rendering the judgment the Probate Court should have rendered, renders final judgment sustaining the exceptions as to the inventoried items of corn in the crib, growing oats, and hay and straw in the mow, excluding such items from the inventory, as the property of the exceptor, and overruling the exceptions to the other items in the inventory, without prejudice to the right of the exceptor to pursue such other remedies as may be available to her to recover the balance of the property she is entitled to as such survivor, or money or damages in lieu thereof, all at the costs of the appellee.

*Judgment reversed.*

MIDDLETON, P. J., and JACKSON, J., concur.